## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, )<br>2400 Research Boulevard, Suite 500 )<br>Rockville, Maryland 20850, )<br>    )<br>    Plaintiffs, )<br>    )<br>    v. )<br>    )<br>CHINA POWER AND LIGHT, INC., )<br>a Pennsylvania corporation, )<br>137 N. 11th Street )<br>Philadelphia, PA 19107, )<br>    )<br>    Defendant. )<br>_____) | Civil Action No.   8:14-1313 |

### COMPLAINT

1.      This is an action brought by the Trustees of a multiemployer pension plan, the

National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent contributions owed

to the NEBF by Defendant China Power and Light, Inc., an employer that is obligated to contribute

to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan

documents.

### JURISDICTION AND VENUE

2.      This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee

Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e).

Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3) and 515 of

ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145.  Venue is proper because the NEBF is administered

within this district.  ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3.      This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-

Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement

between an employer and a labor organization.

## PARTIES

4.      The NEBF is a multiemployer employee pension benefit plan within the meaning of

Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement

entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National

Electrical Contractors Association.  Employers agree to participate in the NEBF pursuant to

collective bargaining agreements with the IBEW or one of its affiliated local unions.  The address of

the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5.      Defendant is an employer engaged in an industry affecting commerce, is contractually

and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of

Section 3(5) of ERISA, 29 U.S.C. § 1002(5).  Upon information and belief, Defendant is a

Pennsylvania corporation whose main place of business is 502 E. Pennsylvania Boulevard,

Feasterville, PA 19053.

## STATEMENT OF CLAIM

6.      Defendant is a signatory, and has been a signatory continuously during all relevant

periods, to collective bargaining agreements (the "Collective Bargaining Agreements") with IBEW

Local Union 98 as the collective bargaining representative of Defendant's employees.  Pursuant to the Collective Bargaining Agreements, Defendant has been and is currently obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements.

7.      Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "Employees Benefit Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8.      The NEBF Restated Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs and attorneys' fees, incurred in collecting the delinquency.

9.      According to an April 2013 audit of Defendant's monthly payroll records conducted by NEBF's auditor, Defendant owes the NEBF $3,951.09 in contributions for the years 2011 and 2012 ("Delinquent NEBF Contributions").

10.      Interest (calculated at the rate of 10% per annum through the present) on the aforementioned Delinquent NEBF Contributions is equal to $859.60.

11.      Liquidated damages (calculated at the rate of 20% of the delinquent contributions) on the aforementioned Delinquent NEBF Contributions are equal to $790.22.

12.      The cost of the aforementioned audit was $590.26.

13.     The cost of bank fees charged as a result of a check tendered by Defendant and returned by Defendant's bank due to insufficient funds, is $20.

14.     The legal fees and costs expended by the NEBF to date, not including the cost of filing this lawsuit and/or causing service of same, are $1,061.20.

15.     Demands have been made upon Defendant to pay the foregoing, but as of the date hereof, Defendant has failed and refused to make payment.

16.     Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute.  This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

17.     Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

18.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

19.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a)   **$3,951.09**, representing Delinquent NEBF Contributions for the years 2011 and 2012;

(b)   **$859.60**, representing interest on the aforementioned Delinquent NEBF Contributions, calculated at the rate of 10% per annum through the date hereof;

(c)   Interest from this date forward until all contributions are paid, at the rate of 10% per annum;

(d)   **$790.22**, representing liquidated damages in the amount of 20% of the aforementioned Delinquent NEBF Contributions;

(e)   **$590.26**, representing the cost to NEBF of the April 2013 audit;

(f)   **$20.00**, representing the cost incurred by NEBF for Defendant's bounced checks;

(g)   an award of all reasonable attorneys' fees and the costs of this action, including the $1,062.21 expended by NEBF prior to this filing and any costs incurred with the filing and prosecution of this action, and the enforcement of any resulting judgment.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: April 17, 2014                          _____/s/_____
                                               Jennifer Bush Hawkins
                                               Federal Bar No.  013064
                                               POTTS-DUPRE, HAWKINS & KRAMER, CHTD.
                                               900 Seventh Street, N.W., Suite 1020
                                               Washington, D.C. 20001
                                               (202) 223-0888
                                               Attorneys for the
                                               *National Electrical Benefit Fund*