**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **NATIONAL ELECTRICAL BENEFIT FUND** | * | |
| | * | |
| **v.** | * | **Civil No. PWG 14-1313** |
| | * | |
| **CHINA POWER AND LIGHT, INC.** | * | |
| | * | |

<u>**REPORT AND RECOMMENDATION**</u>

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiff's Motion for Judgment by Default.  ECF No. 6.  Defendant was properly served and failed to plead or otherwise respond to the complaint, and the Clerk of the Court entered default against it.  ECF Nos. 4, 7.  For the following reasons, I recommend that Plaintiff's motion be granted in the amounts requested.

**I.        Background.**

On April 17, 2014, Plaintiff, National Electrical Benefit Fund (NEBF), filed a complaint against Defendant, China Power and Light, Inc., to collect delinquent pension contributions. The complaint alleges that Defendant executed collective bargaining agreements under which Defendant agreed to submit contributions to Plaintiff on behalf of its employees covered by these agreements.  ECF No. 1 at 2-3.  Pursuant to those agreements, Defendant is bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for NEBF.  That Agreement authorizes NEBF to recover not only delinquent contributions but also interest at a rate of 10% per annum, liquidated damages equal to 20% of the delinquency, and all costs and attorneys' fees incurred in collecting the delinquency.  *Id.* at 3.   Plaintiff seeks judgment under the Employee Retirement Income Security Act of 1974 (ERISA), specifically, section 1132(g)(2) of Title 29 of the United States Code.

The complaint alleges that Defendant failed to pay NEBF contributions for work performed by Defendant's covered employees during 2011 and 2012. It claims that an April 2013 audit shows that Defendant owes $3,951.09 in delinquent contributions, $859.60 in interest, $790.22 in liquidated damages, audit costs of $590.26, bank fees of $20.00, and legal fees and costs of $1,061.20. ECF No. 1 at 3-4.

The motion for default judgment seeks greater numbers for interest, $899.67, and fees and costs, $2,381.10. ECF No. 6 at 2. The total amount sought is $8,632.34. ECF No. 6-2 at 3. The court is also requested to award "any additional fees and costs incurred by NEBF in connection with the enforcement of a judgment[,] and interest on all amounts awarded." *Id*. at 2-3.

## II.    Analysis.

### A.  Liability.

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Where the Defendant has not sought to set aside the default as provided by Federal Rule of Civil Procedure 55(c), or suggested in any way that it has a meritorious defense, the standard for default judgment has been satisfied. *Fanning v. Hotel Management Advisors-Troy, LLC*, 282 F.R.D. 280, 283 (D. D.C. 2012).

Plaintiff has pled facts which establish Defendant's liability under ERISA, and these facts are supplemented by the affidavit of Plaintiff's Director of Audit and Delinquencies, Lauren Loughran. It is alleged, and Ms. Loughran affirms, that Defendant executed contracts which obligate it to forward monthly payments to Plaintiff and is bound by the terms of the Trust Agreement. Copies of the agreement and audit are attached to Ms. Loughran's affidavit. ECF Nos. 6-3, 6-4. Finally, counsel Jennifer Hawkins attests that Defendant, upon the filing of a

previous action, tendered a bad check which led to the filing of the current complaint.  ECF No. 6-1 at 2.  In sum, the complaint, affidavit, and exhibits establish liability and a default judgment should be entered in favor of Plaintiff under Section 1132(g).

**B.  Damages.**

If the court finds that liability is established, it should then determine appropriate damages.  *Agora Financial, Inc. v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) *citing Ryan v. Homecoming Financial Network*, 253 F. 3d 778, 780-81 (4th Cir. 2001)).  The court must make an independent determination of damages.  *Id*.  Where, as here, Plaintiff has submitted with its motion for default judgment affidavits and documentary evidence which are sufficient to establish the amount that should be awarded, no hearing is necessary.  Fed. Rule Civ. P. 55(b) (2); *General Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967).  In particular, when ruling on a motion for default judgment in an ERISA contributions case, "'the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment.'" *Fanning v. Hotel Management Advisors-Troy LLC*, 282 F.R.D. 280, 283 (D. D.C. 2012), (*quoting Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D. D.C. 2001)); *see also United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  Indeed, unpaid contributions, interest, and liquidated damages can be considered "sums certain" pursuant to the statutory calculations and the parties' agreements. *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D. D.C.1984).

Ms. Loughran also attests that Plaintiff incurred attorneys' fees and costs in connection with this action.  ECF No. 6-2 at 3.  Counsel for Plaintiff separately attests to the legal work she performed in connection with this case and the fees and costs incurred by Plaintiff.  Her hourly rate of $348 is reasonable, and the hours expended and the costs incurred also are reasonable and

necessary for the prosecution of this case.  Plaintiff also requests an additional award for anticipated fees, costs, and interest incurred in connection with enforcing the judgment. However, these amounts are not subject to determination at this time and accordingly cannot be awarded at this time.

**III.     Conclusion.**

For the reasons set forth above, the court should:

(A)  Grant Plaintiff's motion for judgment by default; and

(B)  Award Plaintiff damages in the amount of $8,632.34.


Date:  October 8, 2014                                            /S/                         
                                                     JILLYN K. SCHULZE
                                                United States Magistrate Judge